**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOSE MARIA SANDOVAL-LOPEZ,
*Defendant-Appellant.*

No. 03-35594

D.C. Nos.
CV-02-00140-RHW
CR-00-2083-RHW

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted August 4, 2004*
Seattle, Washington

Filed June 6, 2005

Before: Cynthia Holcomb Hall, Andrew J. Kleinfeld, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Kleinfeld

*This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**COUNSEL**

Anne Walstrom, Federal Defenders of Eastern Washington and Idaho, Yakima, Washington, for the appellant.

Gregory M. Shogren, Assistant U.S. Attorney, Yakima, Washington, for the appellee.

**OPINION**

KLEINFELD, Circuit Judge:

This case involves a petition for a writ of habeas corpus by a prisoner who claims that his lawyer rendered him ineffective assistance by failing to file a notice of appeal.

**Facts**

Sandoval-Lopez was caught in Yakima, Washington, with fifteen pounds of heroin hidden in the manifold of his pickup truck. He had told a man who helped him with the mechanical work, and who turned out to be an undercover informant, that he regularly smuggled heroin in his truck from Mexico, for distribution in Washington and Oregon.

Though he was indicted for possession with the intent to distribute this very large quantity of heroin, his lawyer worked out a plea bargain — only seven years to serve for misprison of felony[1] and use of a communication facility to facilitate the distribution of a controlled substance.[2] Through this deal, defense counsel managed to obtain a remarkably favorable agreement to plead to a superseding information with statutory maximums of four and three years respectively,[3] thereby avoiding the risk of a much longer sentence for possession with intent to distribute.

In his written plea agreement, Sandoval-Lopez waived his right to appeal. The agreement stated: "The defendant agrees not to appeal his convictions and any sentences imposed in accordance with this plea agreement." Sandoval-Lopez, his lawyer, and an interpreter all signed the plea agreement.

---

[1] 18 U.S.C. § 4.

[2] 21 U.S.C. § 843(b).

[3] *See* 18 U.S.C. § 4 (maximum penalty of three years imprisonment); 21 U.S.C. § 843(d) (maximum penalty of four years imprisonment).

At the colloquy, when Sandoval-Lopez changed his plea to guilty, the district judge painstakingly obtained express assurances, on the record, from Sandoval-Lopez that he had talked with his lawyer about waiving his right to appeal, understood what waiving entailed, and intended to do so. The judge carefully explained to Sandoval-Lopez that after trial he would have the right to appeal, to have counsel appointed at no cost to him if he could not afford counsel, and to have all necessary papers and transcripts provided to him at no cost if he could not afford it. The judge then obtained Sandoval-Lopez's assurance that he understood his right to appeal, and that he would lose this right if he pleaded guilty. The judge explained to him that "this agreement provides that you agree not to appeal your convictions and any sentences imposed in accordance with this plea agreement," and Sandoval-Lopez said he understood that. The judge did not leave it at that, explaining further, "that's a very important right that you are giving up," and asking whether Sandoval-Lopez had "fully discussed" giving up his right to appeal with his lawyer. Sandoval-Lopez assured the judge that he had. Even that was not the end of the inquiry. The judge asked defense counsel whether he thought Sandoval-Lopez understood that he was giving up his right to appeal, and whether Sandoval-Lopez wanted to do so. Sandoval-Lopez's lawyer responded affirmatively to both questions.

A different judge conducted the sentencing, and although the sentence was precisely what Sandoval-Lopez had agreed to in the plea agreement, the sentencing judge said, "You have a right to appeal this sentence. If you don't appeal it within ten days, you lose that right." No appeal was filed, however, and nothing else happened for a year.

So far, this is about as solid a waiver of the right to appeal as can be imagined. After a year, however, Sandoval-Lopez alleged for the first time, in a petition for a writ of habeas corpus, that he had wanted to appeal. His petition urged many defects involving ineffective assistance of counsel, including

that his lawyer did not tell him that the evidence was insufficient, did not argue for an aberrant behavior departure, and did not sufficiently advise him that accepting the plea could lead to deportation. In response to the question of whether he had appealed, Sandoval-Lopez wrote that "counsel refused to file," and that the conviction resulted from "prosecutor vindictiveness to set me up" instead of evidence:

> Counsel failed to submit a notice of appeal. I asked him to but he never did and I did not discover this until the 10 day deadline was up — I do not understand English and had to find someone to interpret for me. By then I had ran out of time to file.

The district court denied the petition without an evidentiary hearing, and we granted a certificate of appealability limited to the question of whether defense counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to file a notice of appeal.

## Analysis

Appellate counsel for Sandoval-Lopez makes a single argument, that the district court erred by denying him an evidentiary hearing because the record did not conclusively establish that he was not entitled to relief. We review denial of a petition for a writ of habeas corpus de novo,[4] and review denial of an evidentiary hearing for abuse of discretion.[5]

[1] The Supreme Court in *Roe v. Flores-Ortega*[6] laid out the "proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal without respondent's consent."[7] In *Flores-Ortega*, the

---

[4]*United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003).

[5]*Id.*

[6]*Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

[7]*Id.* at 473.

district court conducted an evidentiary hearing.[8] The district court found that the defendant neither asked his lawyer to file a notice of appeal, nor consented to her not filing one.[9] They had not discussed it.[10] The Supreme Court rejected the Ninth Circuit's rule that "[c]ounsel must file a notice of appeal unless the defendant specifically instructs otherwise."[11]

**[2]** The framework imposed by the Court for determining whether there was ineffective assistance of counsel was (1) ask whether counsel consulted with the defendant about an appeal; (2) if not, was failure to consult deficient performance.[12] Rejecting the Ninth Circuit rule then in effect,[13] the Court held that the answer to the second question is not always "yes." The Court held that the deficient performance prong of *Strickland v. Washington*[14] is satisfied in failure to consult cases where "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[15] For the "would want to appeal" branch, a "highly relevant factor" in determining whether a rational defendant would want to appeal is whether the plea was entered pursuant to a plea agreement, whether the defendant had been sentenced in accord with his agreement, and whether the plea agreement waived or reserved the right to appeal.

---

[8]*Id.* at 474.

[9]*Id.* at 475.

[10]*Id.*

[11]*Id.* at 478.

[12]*Id.*

[13]*See United States v. Stearns*, 68 F.3d 328 (1995) (holding that a defendant need only show that he did not consent to his counsel's failure to file an appeal for it to be ineffective assistance of counsel).

[14]*Strickland v. Washington*, 466 U.S. 668, 688 (1994).

[15]*Flores-Ortega*, 528 U.S. at 480.

**[3]** The Supreme Court also rejected the Ninth Circuit's per se rule on the prejudice prong of *Strickland*. The Court held that to show prejudice, the defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[16] Prejudice does not require that the defendant show that he had meritorious grounds for appeal, but "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making"[17] the determination whether there is a reasonable probability that the defendant would have appealed. Thus, the defendant does not have to show that he might have prevailed on appeal to show prejudice, just that he probably would have appealed had his lawyer asked.

The *Flores-Ortega* framework helps with our case, but does not dispose of it. Had the district court held an evidentiary hearing, and had the court found that Sandoval-Lopez was lying when he said in his petition that his lawyer "refused" to appeal, then *Flores-Ortega* might be directly on point. In the hypothetical scenario where Sandoval-Lopez never expressed any desire to appeal, *Flores-Ortega* would completely foreclose an ineffective assistance of counsel claim. In such a scenario, because there was no ground for appeal, as an appeal had been waived, and he had obtained the benefit of his very favorable plea bargain, no rational defendant would want to appeal. So Sandoval-Lopez's lawyer's failure to file a notice of appeal would not be deficient performance, if he and his client did not consult about an appeal.

**[4]** Because the district court did not hold an evidentiary hearing, however, we have to assume, for purposes of our analysis, that after sentencing Sandoval-Lopez asked his lawyer to appeal and his lawyer did not do as he asked. He claims

---

[16]*Id.* at 484.

[17]*Id.* at 485.

that he "asked him to" and his lawyer "refused." As contrary to common sense as it seems, we are compelled by the law to reverse the district court.

This result is troubling. The record establishes that, prior to the time Sandoval-Lopez claims he told his lawyer to appeal, the following had occurred: (1) Sandoval-Lopez and his lawyer had consulted about whether Sandoval-Lopez should waive his right to appeal in order to get the seven-year deal despite his being caught with fifteen pounds of heroin; (2) Sandoval-Lopez had, with full understanding, agreed in writing to waive his right to appeal; (3) the district judge had explained to Sandoval-Lopez that he had a right to appeal, and could do so at no expense to himself for counsel or papers; and (4) Sandoval-Lopez had orally reiterated his choice to waive this right in open court. Moreover, upon a careful review of Sandoval-Lopez's habeas petition and appellate brief, we see that (1) Sandoval-Lopez has not, in his petition, his counseled brief, or anywhere else, identified any nonfrivolous ground for a direct appeal; (2) Sandoval-Lopez does not tell us in his counseled brief what he might have appealed; and (3) Sandoval-Lopez waited over a year to file his petition claiming that he had wanted to appeal.

An appeal would most probably have been dismissed because it had been waived. Had it not been dismissed, we are in the dark about how Sandoval-Lopez could have prevailed. And, if he were to prevail and get a new trial on his original indictment for possession of heroin for purposes of distribution, his odds seem high of spending much more time in the federal penitentiary than the seven years his lawyer worked out for him. So, supposing that he is telling the truth and his lawyer simply refused when he said "I want to appeal," he was probably lucky to have a lawyer who exercised such wise judgment. Sometimes demanding that one's lawyer appeal is like demanding that one's doctor perform surgery, when the surgery is risky and has an extremely low likelihood of improving the patient's condition.

**[5]** But even though no one would think a doctor incompetent for refusing to perform unwise and dangerous surgery, the law is that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[18] Indeed, in *United States v. Peguero*,[19] the Supreme Court summarized its previous holding in *Rodriquez v. United States*[20] as "when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit."[21] This proposition may amount to saying "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client," but that is the law on filing a notice of appeal.

**[6]** This proposition of law controls both the deficient performance prong of *Strickland* and the prejudice prong. If, as Sandoval-Lopez claims, it is true that he explicitly told his lawyer to appeal his case and his lawyer refused, then we are required by *Flores-Ortega* to conclude that it was deficient performance not to appeal and that Sandoval-Lopez was prejudiced. The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal.

Mere expression of interest in appealing would not lead to the same result as telling defense counsel to appeal. The Supreme Court recognized that

> while the performance and prejudice prongs may overlap, they are not in all cases coextensive. To prove deficient performance, a defendant can rely on

---

[18]*Flores-Ortega*, 528 U.S. at 477.

[19]*United States v. Peguero*, 526 U.S. 23 (1999).

[20]*Rodriquez v. United States*, 395 U.S. 327 (1969).

[21]*Peguero*, 526 U.S. at 28 (citing *Rodriquez*, 395 U.S. at 329-30).

> evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish, that had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.[22]

Taking Sandoval-Lopez's allegations as true, however, he did not merely demonstrate to counsel his interest in an appeal, he explicitly told his lawyer he wanted to appeal and his lawyer refused to do so. The situation addressed by this language in *Flores-Ortega* is one where a defendant expresses some interest in appealing but would have been talked out of it if his counsel had explained the unwisdom of such a decision. Sandoval-Lopez, on the other hand, says he explicitly asked his lawyer to file an appeal and his lawyer refused. Prejudice exists because, but for his lawyer's refusal, Sandoval-Lopez would have appealed.

**[7]** The government argues that Sandoval-Lopez is not entitled to an evidentiary hearing because he does not " 'allege specific facts, which if true, would entitle him to relief.' "[23] Pro se habeas petitioners cannot be held to the same standard as petitioners represented by counsel.[24] Proceeding pro se, or only with the assistance of a jailhouse lawyer, Sandoval-Lopez's allegation is specific enough. He claims he asked his lawyer to file an appeal and his lawyer refused. The evidentiary hearing will determine whether this claim by Sandoval-Lopez is true or false, whether it is true but was followed by consultation and withdrawal of the request, etc.

**[8]** We are compelled to conclude that the district court needs to hold an evidentiary hearing to determine whether

---

[22]*Flores-Ortega*, 528 U.S. at 486.

[23]*Rodriguez*, 347 F.3d at 824 (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

[24]*Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002).

Sandoval-Lopez really did tell his lawyer to appeal and his lawyer refused though Sandoval-Lopez demanded it. If not, Sandoval-Lopez is entitled to no further relief. If so, then the district court, under controlling circuit authority, must vacate and reenter the judgment so that Sandoval-Lopez can file a timely notice of appeal.[25]

Alternatively, the government may choose not to oppose Sandoval-Lopez's petition and to let him appeal. The government might choose this alternative to free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing.

If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true. The case at bar is a particularly plain instance of where "ineffective assistance of counsel" is a term of art that does not mean incompetence of counsel. It may be very foolish to risk losing a seven-year plea bargain on an appeal almost sure to go nowhere, in a major heroin case. Nevertheless the client has the constitutional right, under *Flores-Ortega* and *Peguero*, to bet on the possibility of winning the appeal and then winning an acquittal, just as a poker player has the right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush.

**REVERSED.**

---

[25]*See United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir. 2001); *see also United States v. Pearce*, 992 F.2d 1021, 1023 (9th Cir. 1993).