Maurice TODD, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 04–6487–PR.

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Monica R. Jacobson, Alvy & Jacobson, New York, New York, for Appellant.

Judith Philips, Assistant United States Attorney (David C. James, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of dismissal entered by the district court on October 29, 2004, is hereby AFFIRMED.

Habeas petitioner Maurice Todd, who pleaded guilty in 2003 in the Eastern District of New York to six counts of bank robbery and one firearms charge, appeals from the dismissal of his claim that trial counsel was ineffective in failing to appeal the restitution component of his sentence. We review *de novo* a district court's denial of habeas relief, *see, e.g., Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir.2005), but we "review the district court's underlying findings of fact under the more deferential clearly erroneous standard," *Doe v. Menefee*, 391 F.3d 147, 163 (2d Cir.2004). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's performance fell below objectively reasonable standards of representation and that the deficient performance resulted in prejudice to him. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If counsel's constitutionally deficient performance deprived the petitioner of an "appellate proceeding" that he "wanted at the time and to which he had a right," prejudice is presumed. *Roe v. Flores–Ortega*, 528 U.S. 470, 483, 120 S.Ct.

1029, 145 L.Ed.2d 985 (2000) Under such circumstances, the petitioner will be entitled to an out-of-time appeal if he can "demonstrate that there is a reasonable probability that, but for counsel's unreasonable [representation], he would have timely appealed." *Id.* at 483–84, 120 S.Ct. 1029. That is not this case.

■ As an initial matter, we need not decide whether *Flores–Ortega's* presumption would apply even if Todd, as a condition of his plea agreement, had waived his right to appeal the restitution order. *See id.* at 484 120 S.Ct. 1029 (applying presumptive prejudice because petitioner was deprived of an appellate proceeding "to which he had a *right*" (emphasis added)). *But see United States v. Sandoval–Lopez*, 409 F.3d 1193, 1197 (9th Cir.2005) (applying *Flores–Ortega* presumption even where an appeal would have been " 'contrary to the plea agreement' "); *United States v. Garrett*, 402 F.3d 1262, 1266–67 (10th Cir.2005) (applying *Flores–Ortega* presumption where defendant waived appellate rights); *see also Gomez–Diaz v. United States*, 433 F.3d 788, 793–94 (11th Cir.2005) ("The reasoning in *Flores–Ortega* applies with equal force where, as here, the defendant has waived many, but not all, of his appellate rights."). Even assuming that Todd did not unambiguously waive his right to appeal the restitution order, *see United States v. Ready*, 82 F.3d 551, 560 (1996) (construing ambiguous plea agreement as not containing waiver of right to appeal restitution order), he still would not be entitled to habeas relief.

This is because the district court rejected Todd's assertion that he had requested trial counsel to file a notice of appeal to the restitution order. Based upon the sworn letter testimony before it, the district

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

court's factual finding was not clearly erroneous. Thus, Todd cannot argue in this court that counsel was ineffective for failing to heed Todd's specific instructions to file a notice of appeal. *See Roe v. Flores–Ortega,* 528 U.S. at 477, 120 S.Ct. 1029 ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

■ Todd nevertheless faults the district court for reaching its factual conclusion without an evidentiary hearing. In fact, the district court did conduct an evidentiary hearing; it simply limited this hearing to the sworn, written submissions of Todd and counsel. We will not disturb a district court's decision regarding the scope of an evidentiary hearing on an ineffective assistance claim unless we find an abuse of discretion. *See Chang v. United States,* 250 F.3d 79, 82 (2d Cir.2001). We find none in this case.

In *Chang,* we specifically held that, even if an ineffective assistance claim warrants a hearing, a "full-blown testimonial hearing" is not automatically required. *Id.* at 86. It may be perfectly appropriate to resolve the question on affidavits or a documentary record. *See id.* Here, Todd presented "a generic claim" of ineffective assistance "based solely on his own self-serving ... assertions." *Id.* The district court acted well within its discretion in determining that it could reasonably resolve Todd's claim on the written submissions of persons with whom, after all, the court had already had extensive direct dealings. *See id.*

■ Todd further argues that, even if he did not specifically ask counsel to file a notice of appeal, counsel had an affirmative duty to discuss the possibility of an appeal with him. *See Roe v. Flores–Ortega,* 528 U.S. at 480, 120 S.Ct. 1029 (holding that counsel has an affirmative duty to consult defendant about an appeal if "a rational defendant would want to appeal ... or ... [the] defendant reasonably demonstrated to counsel that he was interested in appealing"). Preliminarily, we observe that Todd failed to raise this argument in petitioning the district court for habeas relief. Accordingly, we treat the argument as waived for purposes of this appeal. *See, e.g., Strouse v. Leonardo,* 928 F.2d 548, 552 (2d Cir.1991).

■ Even if Todd did not face this procedural hurdle, however, he fails to demonstrate either that a rational defendant in his position would want to appeal the $327,395 restitution order in this case, or that his counsel's failure to consult with him was the cause for his forfeiture of appeal. Counsel undoubtedly would have explained to Todd that (1) the district court was statutorily mandated to order restitution in the full loss amount sustained by the victims of his crime, *see* 18 U.S.C. 3663A; (2) his failure to object in the district court to an even higher loss estimate in the presentence report would make it difficult for him to prevail on an appellate challenge to the imposed restitution amount, *see* Fed.R.Crim.P. 32(i)(3)(A); and (3) the district court's lenient $100/month payment schedule meant that Todd would be unlikely ever to satisfy fully the restitution order, or even one reduced by half. Under these circumstances, Todd cannot "demonstrate that there is a reasonable probability that," had counsel consulted him, "he would have timely appealed." *Roe v. Flores–Ortega,* 528 U.S. at 484, 120 S.Ct. 1029.

For the reasons stated, the October 29, 2004 judgment of dismissal is hereby AFFIRMED.