**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Arturo OROSCO, Defendant—
Appellant.**

**No. 05–56383.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2007 *.

Filed Jan. 23, 2007.

Samantha P. Jessner, AUSA, USLA–Office of the U.S. Attorney, Criminal Division, Leon W. Weidman, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.

Arturo Orosco, Lompoc, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FISHER, CLIFTON, and SMITH, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Arturo Orosco appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Orosco argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights because his trial counsel failed to file a timely notice of appeal on his behalf. We affirm.

■ We agree with the district court that Orosco's trial counsel did not have reason to think that a "rational defendant" would have wanted to appeal. *United States v. Sandoval–Lopez*, 409 F.3d 1193, 1196 (9th Cir.2005) (noting that counsel's failure to consult with defendant about an appeal constitutes deficient performance when "there is reason to think ... that a rational defendant would want to appeal") (internal citation and quotation marks omitted). Orosco pled guilty pursuant to a plea agreement in which he expressly waived his right of appeal. *See id.* He received a substantially more favorable sentence than he might have otherwise. In fact, the district court sentenced Orosco to just 135 months of imprisonment, which was well below the 168–210 months sentence that Orosco and the government had initially agreed to in the plea agreement.

■ Nor did the district court clearly err in finding that Orosco did not specifi-

** This disposition is not appropriate for publication and is not precedent except as provid-

cally request that trial counsel file a notice of appeal on his behalf, or "reasonably demonstrate[ ] to counsel that he was interested in appealing." *See Sandoval–Lopez*, 409 F.3d at 1196 (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (internal quotation marks omitted)). The district court was justified in crediting trial counsel's testimony over the inconsistent, and often evasive, testimonies of Orosco and members of his family.

■ Moreover, Orosco failed to show prejudice, because he did not establish that he had "nonfrivolous grounds" for an appeal. *See Flores–Ortega*, 528 U.S. at 485, 120 S.Ct. 1029; *Sandoval–Lopez*, 409 F.3d at 1196.

**AFFIRMED.**

