**Robin Ronald THORWARD,**
Petitioner–Appellant,

v.

**Mike KNOWLES, Acting Warden; Edmund G. Brown, Jr.,\* The Attorney General of the State of California,**
Respondents–Appellees.

No. 05–56546.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2007\*\*.

Filed Feb. 20, 2007.

Robin Ronald Thorward, Vacaville, CA, for pro se.

David A. Schlesinger, Esq., Guerrero & Jacobs, LLP, San Diego, CA, for Petitioner–Appellant.

Kevin R. Vienna, Esq., Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

---

\* Edmund G. Brown, Jr. is substituted for his predecessor as California Attorney General. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM ***

Petitioner Robin Thorward alleges in a *pro se* habeas petition that Marta Stanton, his court-appointed appellate lawyer, filed a notice abandoning the direct appeal of his state criminal conviction, contrary to his explicit instructions. He maintains that this decision by Stanton caused him to receive unconstitutional ineffective assistance of counsel.

We must remand to the district court for an evidentiary hearing if Thorward has "allege[d] specific facts which, if true, would entitle him to relief." *Earp v. Ornoski*, 431 F.3d 1158, 1167 & n. 4 (9th Cir.2005) (quoting *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir.1998)) (internal quotation marks omitted), *cert. denied*, —— U.S. ——, 126 S.Ct. 2295, 164 L.Ed.2d 834 (2006). Thorward's allegations meet this standard.

Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an ineffective assistance of counsel claim requires the defendant to show deficient performance and prejudice. *Id.* at 687, 104 S.Ct. 2052. The Supreme Court applied *Strickland* to the failure to prosecute an appeal in *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). *Flores–Ortega* held that a lawyer's performance is deficient when the lawyer "disregards specific instructions from the defendant to file a notice of appeal." *Id.* at 477, 120 S.Ct. 1029.

Thorward alleges just such a deficiency: His habeas petition alleges that Stanton disregarded instructions, contained in two letters Thorward mailed and a phone call from his mother, not to file an abandonment form he had earlier signed. The petition also represents that Stanton acknowledged receiving such instructions before filing the abandonment form.

*Flores–Ortega* also held that *Strickland's* prejudice requirement is satisfied when "the defendant … demonstrate[s] that, but for counsel's deficient conduct, he would have appealed." *Id.* at 486, 120 S.Ct. 1029. Consequently, this court has held that prejudice necessarily arises when a lawyer disregards an express instruction to file an appeal. *See United States v. Sandoval–Lopez*, 409 F.3d 1193, 1197–98 (9th Cir.2005). Thorward's allegations that Stanton refused to follow his instructions, if substantiated after an evidentiary hearing, thus would demonstrate the necessary prejudice, regardless of the merits of any claims he could have raised on direct appeal.

It is legally irrelevant that Stanton disregarded Thorward's wishes to prosecute the appeal by filing an abandonment of appeal form rather than by failing to file a notice of appeal form. This court has held that ineffective assistance claims based on the failure to prosecute an appeal focus on the defendant's position toward "the *abandonment* of his appeal." *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993) (emphasis added), *overruled on other grounds by Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985. If true, Stanton's *active* disobedience of Thorward's instructions—filing a form contrary to her client's instructions—is worse than the situation described in *Flores–Ortega*, where the lawyer merely *fails* to act as the client requested.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Moreover, if the facts in his habeas petition are true, *Flores–Ortega* would entitle Thorward to relief even if Stanton reviewed the record and abandoned the appeal to protect Thorward from the possibility of a greater sentence. A lawyer's failure to follow her client's wishes regarding a filing necessary to prosecute an appeal cannot be considered a strategic decision because it "reflects inattention to the defendant's wishes." *Flores–Ortega*, 528 U.S. at 477, 120 S.Ct. 1029. We have held that *Flores–Ortega* "amount[s] to saying 'it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be ... harmful to your client,' but that is the law on filing a notice of appeal." *Sandoval–Lopez*, 409 F.3d at 1197.

*Flores–Ortega*, therefore, dictates that we conclude Thorward received ineffective assistance of counsel if his allegations are true. Because this conclusion follows from "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), he would be entitled to habeas relief notwithstanding the California courts' contrary conclusion. On remand, therefore, the district court must determine whether Thorward really did tell Stanton not to file the abandonment form before she did so. If the district court determines that Thorward gave such instructions in time, then the district court must order his release from custody unless the state allows him to take a direct appeal. *See Sandoval–Lopez*, 409 F.3d at 1198.

VACATED and REMANDED with instructions.