**Ignacio LICON, Petitioner–Appellant,**

v.

**John MARSHALL, Respondent–Appellee.**

**No. 07–56016.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2008.

Filed Sept. 10, 2008.

Gary Paul Burcham, Law Office of Debra Dilorio, San Diego, CA, for Petitioner–Appellant.

Ignacio Licon, San Luis Obispo, CA, pro se.

Attorney General, Esquire, Ronald Alan Jakob, Esquire, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: REINHARDT, Circuit Judge, MINER,* Senior Circuit Judge, and BERZON, Circuit Judge.

## MEMORANDUM **

Petitioner Ignacio Licon, a California state prisoner, was convicted by jury in state court for violations of CAL.PENAL CODE § 422 (criminal threats), CAL.PENAL CODE § 69 (obstructing or resisting a police officer), and CAL.PENAL CODE § 647.6(a) (misdemeanor annoying a child) and sentenced to twelve years' imprisonment. He appeals the district court's May 22, 2007 denial of his petition for a writ of habeas corpus and entry of judgment in favor of Respondent–Appellee Warden John Marshall.

### 1. Certified Issue—Ineffective Assistance of Counsel

Licon claims that his defense attorney should have called two witnesses, Arnold and Elvia Fleming, who had relevant information about his arrest. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate, first, that his counsel's representation fell below an objective standard of reasonableness, and second, that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–89, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Licon has met neither prong.

Licon's counsel's performance was not deficient. Licon's attorney personally spoke to the Flemings on at least one occasion, although it is unclear whether he spoke with them at any length. [ER 74; 88; 49 & n. 9; SER 2 at 8.] Additionally, Licon has never alleged that his attorney or the defense investigator failed to interview the Flemings about any relevant information they might have. [See District Court lodgment # 13, Exh. A–7, Reporter's Transcript of Marsden Hearing (sealed), at 7–11.] The state court of appeal, sitting in habeas, found that "[w]hen the prospective witnesses were interviewed ... they did not support appellant's account of events." [ER 11] Licon's attorney's decision not to use the Flemings' testimony at trial is thus distinguishable from the attorney's performance in *Luna v. Cambra*, 306 F.3d 954 (9th Cir. 2002), where it was established that the defense attorney utterly "failed to contact" potential alibi witnesses to assess the relevance of their information. *Id.* at 961; *see also Brown v. Myers*, 137 F.3d 1154, 1156 (9th Cir.1998) (petitioner's "attorney did not investigate [his] alibi claim" and "made no effort to contact" a potential alibi witness).

Nor did the omission of the Flemings' testimony leave Licon without any effective defense at trial. Licon's attorney re-

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lied mainly upon a theory of voluntary intoxication, which he supported with the testimony of several defense and prosecution witnesses. But he also helped Licon present, as an alternative, Licon's own preferred defense theory: that he was not present at the scene of arrest all. In support of this alternative theory, Licon's counsel "guided [Licon] through his own testimony" [ER 54] and called a defense witness to testify in support of Licon's claim that he could not have threatened Officer Fox. [ER 54.] The omission of the Flemings' testimony, therefore, did not leave Licon without any effective defense. *Compare Luna,* 306 F.3d at 961, *with Brown,* 137 F.3d at 1158. While Licon disagrees with his attorney's decisions about how best to present his defense, he has not shown that his attorney's performance fell "below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052; *see also Hovey v. Ayers,* 458 F.3d 892, 904 (9th Cir.2006).

■ Licon has also failed to show that prejudice resulted from his counsel's decision not to put the Flemings on the stand. Licon has never explained specifically what his potential witnesses would have said at trial. In his petition for a certificate of appealability from the district court, Licon adverted to a "signed declaration from Elvia Fleming and of course Arnold," which he allegedly attempted to present to the state trial court during his Marsden hearing on July 26, 2001 [Dist. Ct. Dkt. # 41 at *4], but he never submitted this declaration to the state habeas court or the district court. Nor has he ever indicated with specificity what that declaration might say. Normally, a petitioner complaining of his counsel's failure to present the testimony of alibi witnesses will submit a declaration from those witnesses to show what they would have said. *See Dows v. Wood,* 211 F.3d 480, 486 (9th Cir.2000);

*Lord v. Wood,* 184 F.3d 1083, 1092 (9th Cir.1999). Given Licon's *pro se* status before the district court, his failure to do so is not necessarily fatal to his claim. *See United States v. Sandoval–Lopez,* 409 F.3d 1193, 1198 (9th Cir.2005). Yet even a *pro se* petitioner must offer *some* specific facts, rather than just conclusory assertions, to show a "reasonable probability" that the inclusion of the omitted testimony would have made a difference at trial. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Because he failed to do so, Licon failed to establish that "there is a reasonable probability that, but for counsel's [decision], the result of the proceeding would have been different." *Id.*

*2. Uncertified Issue—Admission of Evidence*

■ Licon also briefed an uncertified issue in his appeal to this Court: whether the state trial court rendered his trial "fundamentally unfair" under *Payne v. Tennessee,* 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), by admitting evidence of prior sexual child abuse. *See* Circuit Rule 22–1(e). We decline to certify this issue, because Licon has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Supreme Court has expressly declined to decide "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." *Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Here, as in *Alberni v. McDaniel,* 458 F.3d 860 (9th Cir.2006), "[w]e cannot conclude that the [state court] acted in an objectively unreasonable manner in concluding that the propensity evidence introduced against [petitioner] did not violate due process, given that *Estelle* ex-

pressly left this issue an 'open question.'" *Id.* at 866. In light of the "[l]ack [of] any Supreme Court authority directly on point," *id.* at 864, we cannot find that Licon has made the "substantial showing of the denial of a constitutional right" required to warrant expanding the COA under 28 U.S.C. § 2253(c)(2).

Licon's petition is DENIED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.