See also 313 Fed.Appx. 6.

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Solomon Bitton SIMTOB, aka Simon
Simtob, Defendant–Appellant.**

**No. 08–30260.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 31, 2009.*

Filed May 22, 2009.

Carl E. Rostad, Assistant U.S., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Jason Trinity Holden, Faure Holden Attorneys at Law, P.C., Great Falls, MT, for Defendant–Appellant.

Solomon Bitton Simtob, Oakdale, LA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FISHER and TALLMAN, Circuit Judges, and EZRA **, District Judge.

MEMORANDUM ***

Solomon Simtob appeals his conviction and sentence following a jury trial for Possession with Intent to Distribute in Excess of 50 Grams of Methamphetamine and Distribution of 5.94 Grams of Methamphetamine. This appeal follows a remand by this Court, which, among other things, vacated Simtob's conviction and remanded for the district court to determine whether Simtob's alleged "eye-balling" of a juror resulted in a biased jury. *See United States v. Simtob*, 485 F.3d 1058, 1065–66 (9th Cir.2007).

Following remand, the district court summoned the discharged panel and questioned the jurors about whether their capacity to act fairly and impartially was impaired by Simtob's "eye-balling." All jurors denied that their verdict was influenced by the incident. Finding no error, the district court reinstated the conviction and, in a separate proceeding, reinstated the prior sentence of 240 months.

Simtob's counsel failed to timely file a Notice of Appeal and, as a result, Simtob filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court granted Simtob's petition, vacated the sentence entered on September 6, 2007, and reinstated the sentence in a new order. A Notice of Appeal was filed the same day. The district court, therefore, acted properly in response to the ineffective assistance of counsel, *see United States v. Sandoval–Lopez*, 409 F.3d 1193, 1198 (9th Cir.2005) ("If [counsel was ineffective], then the dis-trict court, under controlling circuit authority, must vacate and reenter the judgment so that [the defendant] can file a timely notice of appeal."), and this Court has jurisdiction over the appeal under 28 U.S.C. § 1291.

In the instant appeal, Simtob raises two issues: (1) whether the district court's decision to question the jurors was sufficient to ensure and conclude that the verdict was not affected by the "eye-balling" incident; and (2) whether Simtob's 240–month sentence is substantively unreasonable. We affirm.

The district court's post-verdict juror queries sufficiently established that Simtob did not suffer prejudice from jury bias or, in the event such prejudice existed, any improprieties were harmless. *See Simtob,* 485 F.3d at 1064; *see also United States v. Rutherford,* 371 F.3d 634, 641 (9th Cir. 2004). We find no error, therefore, in the district court's reinstatement of Simtob's conviction.

"We review sentences for abuse of discretion, and without presuming that outside-Guidelines sentences are unreasonable." *United States v. Whitehead,* 532 F.3d 991, 993 (9th Cir.2008) (citing *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc)). Although the 240–month sentence exceeded the Guidelines range of 78 to 97 months, the district court took into account Simtob's extensive criminal and drug history under 18 U.S.C. § 3553(a) and provided sufficiently compelling justification to support the degree of the variance. *See Carty,* 520 F.3d at 991–92; *see also United States v. Hilgers,* 560 F.3d 944, 947–48 (9th Cir.2009); *United States v. Mohamed,* 459 F.3d 979, 988–89 (9th Cir.2006). Accordingly, the district

---

** The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court did not abuse its discretion in imposing the sentence and we hold that the sentence was reasonable.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.