MEMORANDUM **
Tasha Marie Lamere appeals from the district court’s order denying her motion pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we remand for an evidentiary hearing.
Lamere contends that her attorney rendered ineffective assistance of counsel by failing to file a notice of appeal after being requested to do so. We construe this argument as a motion to expand the certificate of appealability, and we grant the motion. See 9th Cir. R. 22-1 (e); Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
The Government concedes that the district court erred when it declined to hold a hearing on trial counsel’s alleged refusal to file a notice of appeal. When an attorney fails to follow a client’s instructions to file a notice of appeal, there is both deficient performance and prejudice. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197-98 (9th Cir.2005). This is true even if the defendant waived the right to appeal, does not have a non-frivolous ground for a direct appeal, and the appellant may spend more time in prison than she would if she had not appealed. Id. at 1197. We therefore remand to the district court for an evidentiary hearing to determine whether Lamere instructed her attorney to file a notice of appeal. Id. at 1198.
Lamere contends that her guilty plea was not knowing and voluntary because her attorney provided ineffective assistance of counsel by failing to tell her that her sentence could be calculated with a particular United States Sentencing Guideline and leading her to believe that she would receive a sentence of 2 to 2% years in prison. The district court erred by failing to determine whether Lamere’s attorney actually provided such deficient advice and whether Lamere was prejudiced because, as she claims, she would not have accepted the plea offer had her attorney provided her with appropriate advice regarding sentencing. See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). On remand, the evi-dentiary hearing shall address these issues.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.