NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50371 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01299-GPC-1 |
| v. | |
| IVAN RAMON TIZOC, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted February 12, 2020
Pasadena, California

Before: BERZON, TALLMAN, and R. NELSON, Circuit Judges.

Ivan Tizoc pled guilty to possession and conspiracy to distribute controlled

substances. He now directly appeals his conviction and sentence as a result of the

district court's decision to defer ruling on Tizoc's 28 U.S.C. § 2255 petition,

instead vacating and reentering judgment to allow the appeal to proceed pursuant

to *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005), because

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Tizoc argued that his counsel refused to file an appeal on his behalf. Tizoc raises two claims on appeal: (1) ineffective assistance of counsel, and (2) government breach of the plea agreement. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1294. We dismiss Tizoc's claims because the plea agreement precludes direct appeal and we conclude that there was no breach of the plea agreement.

The plea agreement Tizoc entered into allowed for a "post-conviction collateral attack based on a claim of ineffective assistance of counsel," not a right to direct appeal, unless the court were to impose a sentence above the guideline range recommended by the government at sentencing. Because Tizoc's 200-month sentence was within the guidelines range of 188 to 235 months recommended by the goverment, Tizoc has waived his right to a direct appeal of the ineffective assistance of counsel claim. Nor did the prosecutor breach the plea agreement. The prosecutor adhered to his duty of candor in answering the court's questions but honored his promise to recommend a sentence of 188 months notwithstanding the court's concerns. *See United States v. Maldonado*, 215 F.3d 1046, 1051–52 (9th Cir. 2000).

We therefore dismiss this appeal, but with instructions to the district court that the other grounds originally raised in Tizoc's 28 U.S.C. § 2255 petition be decided on remand. Tizoc should not need to file a second or successive § 2255 petition to raise them because the district court never decided the merits of those

claims.

**DISMISSED and REMANDED with instructions**.