NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAFARA ECHO SHORTMAN, | No. 19-35768 |
| Petitioner-Appellant, | D.C. Nos. 1:18-cv-00177-DLC |
| v. | 1:18-cr-00028-DLC-1 |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted June 10, 2021
Seattle, Washington

Before: GILMAN,** GOULD, and MILLER, Circuit Judges.

Safara Shortman appeals the district court's denial of her *pro se* motion to

vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Shortman

alleges that she received constitutionally ineffective assistance of counsel ("IAC")

because "defense counsel failed to file a notice of appeal when one was requested."

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291 and § 2255(d). We vacate and remand with instructions.

1. Under *Strickland v. Washington*, 466 U.S. 668 (1984), an ineffective assistance of counsel claim requires the defendant to show deficient performance and prejudice. *Id.* at 687. The Supreme Court applied *Strickland* to a claim involving a notice to appeal in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), where the Court held that counsel's performance is deficient when counsel "disregards specific instructions from the defendant to file a notice of appeal." *Id.* at 477. We have since held that prejudice is presumed when counsel disregards an express instruction to file an appeal, and therefore a district court errs by summarily dismissing a claim presenting such an allegation. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196–98 (9th Cir. 2005).

If it is not clear that a defendant instructed her attorney to appeal, then we ask whether counsel had a duty to consult the defendant about appealing. A duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), *or* (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480 (emphasis added).

The district court erred in finding that Shortman, proceeding *pro se*, alleged

2

insufficient facts to warrant an evidentiary hearing on her IAC claim. We must remand for an evidentiary hearing if the movant has "allege[d] specific facts, which if true, would entitle h[er] to relief." *Sandoval-Lopez*, 409 F.3d at 1198 (citation omitted). Shortman's allegations meet this burden. We reiterate that "[p]ro se habeas petitioners cannot be held to the same standard as petitioners represented by counsel." *Id.* In her initial motion, Shortman alleged that "defense counsel failed to file a notice of appeal when one was requested." When the district court asked for clarification, she alleged that she approached counsel shortly after sentencing and stated that she did not agree with what happened at sentencing and asked trial counsel to "do something to help her." If that allegation is credited, defense counsel would have known she was requesting an appeal or would have at least recognized that she "reasonably demonstrated" an interest in appeal, giving rise to a duty to consult. *See Flores-Ortega*, 528 U.S. at 480 (holding that courts must consider "all the information counsel knew or should have known" in determining whether the defendant "reasonably demonstrated" a desire for appeal). Giving due consideration to Shortman's *pro se* status, as we must, her allegations are "specific enough" to warrant an evidentiary hearing. *See Sandoval-Lopez*, 409 F.3d at 1198.

We remand to the district court for an evidentiary hearing to determine whether it is true that Shortman requested an appeal. If a hearing substantiates

3

Shortman's claim that she requested an appeal, the district court can "vacate and reenter the judgment, allowing the appeal to proceed." *United States v. Fabian-Baltazar*, 931 F.3d 1216, 1218 (9th Cir. 2019) (quoting *Sandoval-Lopez*, 409 F.3d at 1198). Alternatively, absent objection from the state, the district court can allow Shortman to appeal without conducting a hearing, "assuming without deciding that the petitioner's claim is true." *Id.* (quoting *Sandoval-Lopez*, 409 F.3d at 1198). If—after a hearing—the district court determines that Shortman did not expressly request an appeal, the court should ask "whether counsel failed to consult, and if so, whether that failure constituted deficient performance." *See id.*

2. Shortman requests that we expand the certificate of appealability to include two additional IAC claims. We decline to do so because she has not made "a substantial showing of the denial of a constitutional right" for either uncertified claim. 28 U.S.C. § 2253(c)(2). In her first uncertified claim, Shortman alleges that—due to ineffectiveness of counsel—she pleaded guilty without understanding that she would be subject to mandatory minimum penalties. We disagree. The record of the change of plea hearing reflects that Shortman understood the mandatory penalties she was facing by pleading guilty. In her second uncertified claim, Shortman alleges that defense counsel was ineffective for not challenging the purity and quantity of methamphetamine that was attributed to her at sentencing. Again, we disagree, because Shortman does not allege facts

4

suggesting that counsel could have challenged the purity and quantity of the methamphetamine in the controlled buys, such as facts that cast doubt on the testing agency's neutrality or methodology. Accordingly, we do not expand the certificate of appealability.

**VACATED and REMANDED with instructions.**