[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2011
JOHN LEY
CLERK

No. 10-12511
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-21212-ASG; 1:06-cr-20081-ASG-2

JUAN MANUEL BERNARD PALACIOS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2011)

Before EDMONDSON, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Juan Manuel Bernard Palacios, a federal prisoner, appeals the district court's denial of his pro se 28 U.S.C. § 2255 motion to vacate. Reversible error has been shown; we vacate and remand for additional proceedings.

Palacios was sentenced to 135 months' imprisonment after pleading guilty to conspiracy to launder money and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(l), (a)(2)(A), (h). Palacios filed a section 2255 motion to vacate in which he raised five claims, including that his lawyer was ineffective for failing to file a direct appeal. Following an evidentiary hearing on this claim, the magistrate judge recommended that the district court deny Palacios's motion to vacate. The district court adopted the magistrate's recommendation and denied Palacios's motion on the merits. We granted a certificate of appealability on the question of "[w]hether the district court erred in denying Palacios's claim that trial counsel was ineffective for failing to consult with Palacios about filing an appeal."

"Whether counsel was ineffective is a mixed question of law and fact that we review de novo." Thompson v. United States, 504 F.3d 1203, 1206 n.4 (11th Cir. 2007). We review the district court's findings of fact for clear error and its conclusions of law de novo. Id. To make a successful claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.

Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

It is well-established that a lawyer who disregards his client's instructions to file a notice of appeal acts in a professionally unreasonable manner. Roe v. Flores-Ortega, 120 S.Ct. 1029, 1035 (2000). Even when a defendant does not specifically instruct his lawyer to file an appeal, we must determine whether his lawyer consulted with him about an appeal. Id. "[A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson, 504 F.3d at 1206 (emphasis in original).

Although Palacios asserted that he specifically asked his lawyer, Gustavo Garcia-Montes, to file an appeal, the district court credited Garcia-Montes's testimony that Palacios never asked him to do so. Because nothing evidences that the court's credibility finding was clearly erroneous, we will assume that Palacios never expressly asked Garcia-Montes to file an appeal. See McGriff v. Dep't of Corr., 338 F.3d 1231, 1238 (11th Cir. 2003) ("Absent evidence of clear error, we consider ourselves bound by a district court's findings of fact and credibility determinations.").

Thus, our inquiry turns to whether Garcia-Montes actually consulted with

3

Palacios about his appeal. See Flores-Ortega, 120 S.Ct. at 1035. At the evidentiary hearing, Garcia-Montes testified that -- in response to Palacios's dissatisfaction with his sentence and questions about what to do next -- he told Palacios that nothing could be done because he had waived his right to appeal his sentence and the district court had sentenced him within the guidelines range. Garcia-Montes did not, however, attempt to determine whether Palacios wished to file an appeal or discuss the advantages and disadvantages of filing such an appeal. We have explained that "[s]imply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense." Thompson, 504 F.3d at 1207. Based on this record, we conclude that Garcia-Montes failed to consult adequately with Palacios about his right to appeal and must determine whether Garcia-Montes had a constitutional duty to do so. Flores-Ortega, 120 S.Ct. at 1036.

A constitutional duty to consult with a defendant about an appeal arises "when there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. At the evidentiary hearing, Garcia-Montes testified that after the court announced Palacios's sentence Palacios asked "what's next? What can we do now? Something along those lines." After Garcia-

4

Montes told him that nothing could be done, Palacios "was quiet, [and] . . . looked very crushed." Because Palacios's conduct reasonably demonstrated an interest in appealing, it triggered Garcia-Montes's duty to consult with him about his appeal. See Thompson, 504 F.3d at 1208 (concluding that counsel had a "clear duty to consult" with his client about an appeal when his client expressed that he was "unhappy" with his sentence as compared to that of his codefendants). Garcia-Montes's failure to fulfill this duty constituted deficient performance under Strickland. See Flores-Ortega, 120 S.Ct. at 1036.

To establish prejudice under Strickland, Palacios "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. In this case, Palacios immediately expressed dissatisfaction with his sentence and testified that he wished to file an appeal. Thus, he demonstrated a reasonable probability that he would have exercised his right to appeal. See id. (stating that evidence that the defendant "promptly expressed a desire to appeal will often be highly relevant" in determining whether he suffered prejudice). Because Palacios established that his lawyer was ineffective for failing to consult with him, he "is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal

5

waiver." See Gomez-Diaz v. United States, 433 F.3d 788, 793 (11th Cir. 2005).

We vacate and remand with instructions that Palacios be permitted to file a direct appeal in accordance with the procedure set forth in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

VACATED AND REMANDED.