# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20737
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANDRA JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2036

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Sandra Johnson, federal prisoner # 66542-179, pleaded guilty without a plea agreement to conspiracy to launder funds, in violation of 18 U.S.C. § 1956(h). Johnson filed a 28 U.S.C. § 2255 motion claiming in part that her attorney was ineffective because he failed to consult with her about an appeal or to file a notice of appeal after she requested one. The district court held an evidentiary hearing and denied this claim because it found that her attorney

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20737

rendered effective assistance. Johnson appeals this finding and the district court's denial of that claim.

This court reviews de novo a district court's conclusions on a § 2255 motion based on ineffective assistance of counsel; it reviews findings of fact for clear error. *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013). To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that she was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Johnson's lawyer testified that Johnson did not convey that she wanted to file an appeal; if she had, he would have filed a notice of appeal because it only takes 15-20 minutes to do so. The district court found this testimony credible, and it found that Johnson's testimony to the contrary was not credible. Johnson makes no attempt to show that this finding constituted clear error.

The district court also found that Johnson's counsel did not err by failing to advise Johnson of her right to appeal. Counsel performs deficiently in failing to consult with the defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). The district court found that there was no reason to think that Johnson would wish to appeal because she pled guilty; received a presumptively reasonable, within-guidelines sentence; the court credited her attorney's account that she "had resigned herself to face the music" by pleading guilty; Johnson acknowledged that she wished to take full responsibility for her actions; and she pleaded guilty knowing that she faced up to 20 years in prison, which is substantially more than the 87-month

No. 18-20737

sentence that was imposed.  But even if Johnson could show that her counsel performed deficiently, her claim fails on the prejudice prong, which requires her to demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with [her] about an appeal, [s]he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.  Johnson erroneously relies on the presumed prejudice afforded when a defendant requests that counsel file an appeal and counsel fails to do so, but she does not challenge the district court's finding that she never requested that her attorney file an appeal.  She has therefore failed to make a showing of prejudice.  *See United States v. Bejarano*, 751 F.3d 280, 286 (5th Cir. 2014) (holding that a defendant's testimony that he would have appealed if consulted, standing alone, does not establish prejudice).

Johnson also filed a motion to supplement the record on appeal, seeking to include a rejected plea agreement that contained a waiver of her appellate rights.  This court has indicated that it will supplement the record when "consideration of particular evidence clearly reveals how a case should be disposed." *Ecuadorian Plaintiffs v. Chevron Corp*, 619 F.3d 373, 379 n.11 (5th Cir. 2010).  Here, however, the proposed plea agreement does not change how the case should be disposed in light of the district court's credibility finding and Johnson's failure to demonstrate prejudice.  Accordingly, the motion to supplement is denied.

Thus, the judgment of the district court is AFFIRMED; the motion to supplement is DENIED.