# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2021

Lyle W. Cayce
Clerk

No. 21-40338

United States of America,

*Plaintiff—Appellee*,

*versus*

Alexander Groys,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-111-1

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

In 2015, Alexander Groys, former federal inmate # 22580-078, pleaded guilty to possession of child pornography, and he was sentenced to 78 months of imprisonment and five years of supervised release. In 2021, he filed a document in his criminal case that resulted in this direct criminal appeal, and he now moves for the appointment of counsel in this court.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40338

We, however, do not have jurisdiction over Groys's appeal because he has not filed an effective notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248 (1992); *United States v. Clayton*, 613 F.3d 592, 594 (5th Cir. 2010). The primary relief requested in the document that Groys filed in the district court most resembles a claim pursuant to 28 U.S.C. § 2255 based on the alleged deprivation of a timely direct appeal as the result of ineffective assistance of counsel. *See, e.g.*, *United States v. Cong Van Pham*, 722 F.3d 320, 323-24 (5th Cir. 2013). We express no opinion regarding the availability of such relief in the district court, but the document does not clearly evince his intent to bring an untimely direct appeal of his 2015 judgment. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *Bailey v. Cain*, 609 F.3d 763, 765-67 (5th Cir. 2010).

Accordingly, Groys's appeal is DISMISSED for lack of jurisdiction. His motion for appointment of counsel is DENIED as moot.