# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2024

Lyle W. Cayce
Clerk

No. 22-50332

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Lucas James Tighe,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-994

---

Before Graves, Higginson, and Ho, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

Lucas James Tighe appeals the district court's denial of his habeas petition under 28 U.S.C. § 2255 in which he asserted ineffective assistance of counsel based on his trial attorney's failure to consult with him about filing an appeal. For the reasons stated herein, we REVERSE and REMAND.

## FACTS AND PROCEDURAL HISTORY

Lucas James Tighe, represented by Attorney Sharon Diaz, pleaded guilty without a written plea agreement in 2019 to conspiracy to possess stolen firearms, possession of stolen firearms, and possession of a firearm by

a convicted felon. Tighe was sentenced to serve a total of 150 months in prison. Tighe's sentence included 120 months each, concurrent, for possession of stolen firearms and possession of a firearm by a convicted felon, and 30 months, consecutive, on conspiracy to possess stolen firearms. His sentence was within the guidelines range of 121-151 months. Tighe was also charged in state court for engaging in organized criminal activity related to the same activity as his federal convictions.

The judgment was entered in Tighe's federal case on June 29, 2020. In August 2020, Tighe was sentenced to a total of 15 years on the state charges. By handwritten letter dated July 2, 2020, but postmarked October 19, 2020, Tighe asked the district court to run his federal sentences concurrently with his forthcoming state sentences. He also asked the district court to reconsider the length of his sentences, claiming that he was misled by counsel and that he never saw the Presentence Investigation Report (PSR). The district court construed the letter as an initial habeas petition and ordered Tighe to respond within 30 days by either withdrawing the motion, stating that he wished to proceed, or amending it to include all claims under 28 U.S.C. § 2255. After Tighe did not respond, the district court dismissed the petition without prejudice on November 30, 2020.

On March 19, 2021, Tighe sent another letter to the court inquiring about his appeal. Tighe said that he was in state custody, his attorney had told him she was not able to help him anymore, and he never received a copy of the judgment or related sentencing paperwork. Tighe also asked the court to appoint counsel for his appeal. The district court appointed counsel, John Kuchera, and docketed the letter as a direct criminal appeal. Counsel filed a Motion for Leave to File an Out-of-Time Notice of Appeal, asserting that Tighe was denied assistance of counsel through trial counsel's failure to perfect an appeal.

Tighe submitted an affidavit, which said that Diaz assured him prior to sentencing that there was no way he would get sentenced to more than ten years in prison.  Tighe also said that he had asked Diaz prior to sentencing if she would ask the judge about running his federal sentence concurrently to any forthcoming state sentence but counsel "blew me off."  Tighe said that, after he was sentenced, Diaz told him she would visit him at the jail later that day, but she never came.  Tighe said that his letter written to the court on July 2, 2020, was written that day and handed to the jailers to be mailed.  He further said he had no idea why the letter was not mailed or postmarked until October 19, 2020.  Tighe said that, if the letter had been mailed in a timely fashion by the jailers and had been treated as a notice of appeal, then his appeal would have been timely.

The motion for leave also said that Tighe wanted to appeal the fact that the district court did not specifically order that his federal sentences run concurrently to his anticipated state sentences.  He also wanted to appeal the fact that a 30-month federal sentence was ordered to run consecutively to his two concurrent federal sentences of 120-months each.

Diaz sent Tighe a letter dated February 22, 2021, which said, "[y]ou got a copy of the appeal paper at the time of the plea.  It tells you about your appellate rights."  Diaz also submitted an affidavit disputing much of what Tighe alleged in his motion and affidavit.  Diaz said that she never assured Tighe that there was no way he would get a stacked sentence, and that she did not blow him off with regard to his state sentence.  Diaz said that she had no recollection of telling Tighe that she would visit him at the jail after sentencing, and that Tighe never called or sent her any correspondence after sentencing saying that he wanted to appeal.  Diaz said that she was prohibited from giving Tighe a copy of his PSR at the jail, but her customary practice was to hold the PSR up to the glass and go over it, page by page.  Diaz reiterated that the guidelines range was 121 to 151 months, as reflected in the

No. 22-50332

PSR. Diaz said that the first time she heard anything about an appeal was in Tighe's letter dated February 12, 2021. Diaz also requested that the court enter an order nunc pro tunc to run Tighe's federal and state sentences concurrently and consider the date of his July 2, 2020, letter as the date of his request to appeal.

The magistrate judge conducted an evidentiary hearing on Tighe's habeas motion on November 2, 2021, and ultimately recommended denying the motion.[1] The testimony offered by Diaz at the evidentiary hearing largely reasserted what was contained in her affidavit. The district court overruled Tighe's objections to the recommendation, denied his petition, and denied a Certificate of Appealability (COA). On November 9, 2022, this court granted a COA on "whether counsel failed to consult with Tighe about an appeal and whether such failure constituted ineffective assistance. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478, 480-86 (2000)." The parties then filed supplemental briefs on the merits of the claim for which a COA was granted.

## STANDARD OF REVIEW

A district court's conclusions on a petition under § 2255 based on ineffective assistance of counsel are reviewed de novo. *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013). Factual findings are reviewed for clear error. *Id.* To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

---

[1] This court later granted Tighe's motion to stay his direct criminal appeal (ECF 21-50239) pending the district court's ruling on his habeas petition.

## DISCUSSION

Under the first prong of *Strickland*, this court considers whether trial counsel consulted with Tighe about whether he wanted to appeal. *See Pham*, 722 F.3d at 323-24. Tighe asserts that Diaz failed to consult with him after sentencing about whether he wanted to appeal. Tighe also asserts that counsel's failure to consult with him was unreasonable because a rational defendant in Tighe's situation would have wanted to appeal and because Tighe reasonably demonstrated that he was interested in appealing.

The government asserts that the district court's finding that counsel satisfied her duty to consult with Tighe about an appeal and that he never requested an appeal was supported by the record. The government also asserts that Tighe was provided with a written notice of his right to appeal that specified a notice of appeal must be filed with the clerk's office within 14 days. Tighe and Diaz both signed the notice.

Tighe argued at the evidentiary hearing that, under *Flores-Ortega*, 528 U.S. at 480, Diaz had a duty to ask or initiate a discussion with Tighe regarding an appeal without waiting for Tighe to contact her because there are nonfrivolous grounds for appeal. Further, the facts that both Tighe and Diaz were shocked that the district court stacked one of his federal sentences and that Tighe had asked her to ask the district court to run his federal sentence concurrent with his state sentence were indications that Tighe would be interested in appealing.

The district court found that "Diaz's credible and uncontroverted testimony supports the conclusion that, before sentencing, she consulted with the defendant about the possibility of appeal." However, the record does not support that finding. The district court said that Tighe "essentially claims that Diaz provided ineffective assistance because she failed to consult with him both before and after sentencing to determine if he wanted to

5

appeal." The district court then relied on *Flores-Ortega* for the proposition that the Supreme Court has rejected a bright-line rule.

In *Flores-Ortega*, the Supreme Court set out the following:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact *consulted* with the defendant about an appeal. *We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.* If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

*Id.* at 478 (emphasis added) (internal citations omitted).

The specific meaning of "consult," as quoted above, is key here. Diaz admitted that she had not advised Tighe about the advantages or disadvantages of taking an appeal. Diaz excused her failure to directly ask Tighe before sentencing whether he wanted to appeal by saying, "Well, at that point, he hadn't been sentenced yet, so – I did not ask him at that point if he wanted to appeal." Diaz also failed to ask Tighe after sentencing whether he wanted to appeal, relying instead on whether Tighe successfully reached out to her from prison. Diaz said that if Tighe had contacted her and

expressed his desire to appeal, *then* she would have advised him of the potential advantages or disadvantages of appealing.

The Supreme Court also said in *Flores-Ortega* that:

> We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id.*, 528 U.S. at 480.

Tighe is correct that counsel's failure to consult with him was unreasonable. A rational defendant in Tighe's situation would have wanted to appeal, and Tighe reasonably demonstrated that he was interested in appealing. Tighe and Diaz were admittedly both shocked by the court's sentence. Regardless of whether Diaz did or did not tell Tighe that he would not get a stacked sentence, she still expressed shock over it. It is reasonable to expect that Tighe would have that same reaction. Tighe had also asked Diaz, as she acknowledged, to ask the district court to run his federal sentence concurrent with his state sentence. But she did not do that. Those are all indications that Tighe would be interested in appealing. Further, Diaz excused her failure to directly ask Tighe whether he wanted to appeal because he had not yet been sentenced. Under that same reasoning, Diaz could not have properly consulted with Tighe about an appeal prior to sentencing when she gave him his notice of right to appeal because she would not yet have known the "advantages and disadvantages of taking an appeal." Such a conclusion is consistent with the decision in *Pham*, 722 F.3d at 324, where this court said:

No. 22-50332

> Pham's counsel did not sufficiently consult with him about filing an appeal. At most, Pham's counsel discussed an appeal in the abstract and even then did so only *before* the sentence was pronounced. But *after* sentencing, when the sentence actually imposed became known and the time period for filing a notice of appeal began to run, counsel neither mentioned the possibility of an appeal at all nor made any effort to discover Pham's wishes in that regard.

*Id.* (emphasis original). Similarly, in this case, Diaz neither sufficiently consulted with Tighe nor made any effort to obtain his wishes about an appeal after sentencing.

Under the second prong of *Strickland*, Tighe must establish prejudice. *Id.*, 466 U.S. at 687-88. In *Flores-Ortega*, the Supreme Court also said: "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. "[W]e hold that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* Importantly, the Court also said that there is no requirement for a defendant to demonstrate his hypothetical appeal has "merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Id.* at 486.

Tighe is able to demonstrate that, but for Diaz's deficient conduct, he would have appealed. Thus, Tighe is able to establish prejudice by Diaz's constitutionally ineffective failure to consult with him about an appeal.[2] *See*

---

[2] Tighe does not challenge his conviction.

8

*Pham*, 722 F.3d at 327 ("In the absence of any self-evident reason why Pham would not have filed a direct appeal, and without any regard to the potential merits of such an appeal, we conclude that he has established prejudice under *Flores–Ortega*.").

For these reasons, we REVERSE the district court's denial of Tighe's § 2255 motion and REMAND to the district court with instructions to grant an out-of-time appeal, and reenter Tighe's criminal judgment. *See id.*