**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**



FILED

DEC 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No.   15-16115 |
| Plaintiff-Appellee, | D.C. Nos.   1:14-cv-00984-AWI<br>1:13-cr-00032-AWI-<br>BAM-1 |
| v. | |
| **ABEL HERIBERTO FABIAN-BALTAZAR, AKA Abel Heriberto Fabia Baltazar,** | **MEMORANDUM**<sup>*</sup> |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted December 4, 2017
San Francisco, California

Before:    **KOZINSKI** and **HURWITZ**, Circuit Judges, and **KEELEY**,<sup>**</sup>
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

The district court didn't err by enforcing Fabian-Baltazar's express waiver of his right to bring a 28 U.S.C. § 2255 petition. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). "[A] plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2255 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver." Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005). But, even construed liberally, Fabian-Baltazar's pro se habeas petition didn't challenge the voluntariness of his collateral appeals waiver. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**AFFIRMED.**