**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee*,

v.

ABEL HERIBERTO FABIAN-
BALTAZAR, AKA Abel Heriberto
Fabia Baltazar,
　　　　　　*Defendant-Appellant.*

No. 15-16115

D.C. Nos.
1:14-cv-00984-
AWI
1:13-cr-00032-
AWI-BAM-1

OPINION

On Remand from the United States Supreme Court

Filed July 30, 2019

Before:  Johnnie B. Rawlinson, Carlos T. Bea,
and Andrew D. Hurwitz, Circuit Judges.\*

Per Curiam Opinion

---

　\* Following remand from the United States Supreme Court, Judge Rawlinson and Judge Bea were drawn to replace Judge Kozinski and Judge Keeley.

## SUMMARY**

### 28 U.S.C. § 2255

On remand from the Supreme Court, the panel vacated the district court's order denying Abel Heriberto Fabian-Baltazar's 28 U.S.C. § 2255 motion claiming, among other things, that trial counsel rendered ineffective assistance by failing to file a notice of appeal; and remanded for further proceedings.

This court originally affirmed, holding that the district court did not err by enforcing Fabian-Baltazar's express waiver of his right to collaterally attack his sentence. The Supreme Court vacated this court's judgment and remanded for further consideration in light of *Garza v. Idaho*, 139 S. Ct. 738 (2019), which held that an attorney provides ineffective assistance by failing to file a notice of appeal after a client request that the attorney do so, even if that client has signed an appeal waiver.

On remand from the Supreme Court, the government declined to enforce Fabian-Baltazar's collateral attack waiver, so this court analyzed the case as involving only an appeal waiver. The panel held that the district court, on remand, should determine whether Fabian-Baltazar expressly instructed his attorney to file a notice of appeal, and if not, whether counsel failed to consult, and if so, whether that failure constituted deficient performance.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Peggy Sasso, Assistant Federal Defender; Heather E. Williams, Federal Defender; Office of the Federal Public Defender, Fresno, California; for Defendant-Appellant.

Melanie L. Alsworth, Assistant United States Attorney; Camil A. Skipper, Appellate Chief; McGregor Scott, United States Attorney; United States Attorney's Office, Fresno, California; for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Fabian-Baltazar pleaded guilty to possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), after entering into a plea agreement waiving the right to appeal or collaterally attack his sentence. Fabian-Baltazar nonetheless filed a 28 U.S.C. § 2255 motion attacking the sentence, claiming among other things that trial counsel rendered ineffective assistance by failing to file a notice of appeal.

The district court denied the § 2255 motion, and this Court affirmed, holding that the district court did not err by enforcing Fabian-Baltazar's "express waiver of his right to bring a 28 U.S.C. § 2255 petition." *United States v. Fabian-Baltazar*, 707 F. App'x 477, 478 (9th Cir. 2017). We noted that a plea agreement that waives the right to collateral review is unenforceable with respect to an ineffective assistance claim challenging the voluntariness of the waiver, but stressed that Fabian-Baltazar's § 2255 motion did not

challenge the voluntariness of his collateral review waiver. *Id*.

Fabian-Baltazar petitioned for certiorari. The Supreme Court granted the petition, vacated the judgment, and remanded for further consideration in light of *Garza v. Idaho*, 139 S. Ct. 738 (2019). *See Fabian-Baltazar v. United States*, 139 S. Ct. 1289, 1289 (2019). We then ordered the parties to file supplemental briefs addressing *Garza*. Having considered that briefing, we vacate the order of the district court and remand for further proceedings.

# I

In *Garza*, the Supreme Court held that an attorney provides ineffective assistance by failing to file a notice of appeal after a client request that the attorney do so, even if that client has signed an appeal waiver. 139 S. Ct. at 747. Under *Strickland v. Washington*, a successful claim for ineffective assistance requires not only proof of deficient performance, but also resulting prejudice. 466 U.S. 668, 687–88, 692 (1984). But, in *Garza*, the Court held that prejudice is presumed when the defendant is deprived of an appeal that he waived but nonetheless tried to assert. 139 S. Ct. at 749.

Unlike Garza, Fabian-Baltazar also waived his right to collaterally attack his sentence. But, the government has declined to enforce Fabian-Baltazar's collateral attack waiver on remand. Therefore, in contrast to the first time this case was before us, we must analyze it as involving only an appeal waiver.

## II

The parties agree that a remand is required in light of *Garza* but disagree about the scope of the remand. Fabian-Baltazar argues that we should simply reverse the district court's order and direct it to address the merits of his § 2255 motion. The government argues that, before proceeding to the merits, the district court must first determine whether Fabian-Baltazar requested his attorney to file a notice of appeal.

The government's view is in accord with *Garza*, which held that "Garza's attorney rendered deficient performance by not filing the notice of appeal *in light of Garza's clear requests*." 139 S. Ct. at 746 (emphasis added); *see also id.* ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.") (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). It appears to have been uncontested in *Garza* that the defendant had requested his attorney to file a notice of appeal. 139 S. Ct. at 743, 746. But, the Court expressly left "undisturbed today *Flores-Ortega*'s separate discussion of how to approach situations in which a defendant's wishes are less clear." 139 S. Ct. at 746 n.9.

Because that discussion governs our analysis today, we quote it in pertinent part:

> If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant,

> the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Flores-Ortega*, 528 U.S. at 478 (internal citation omitted).

Fabian-Baltazar's § 2255 motion contends that he expressly instructed his attorney to file a notice of appeal. But, the government has never had the opportunity to challenge that assertion, because both the district court's and this Court's prior rulings held that the collateral attack waiver nonetheless barred the § 2255 motion. The district court therefore should determine on remand whether such an instruction was given, and if not, whether counsel failed to consult, and if so, whether that failure constituted deficient performance. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005) ("If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true."); *see also Flores-Ortega*, 528 U.S. at 478 ("We employ the term 'consult' to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.").

**III**

For the reasons above, we **VACATE** the order of the district court and remand for further proceedings consistent with this opinion.