1 
2 
3 
4 
5 
6 
7 UNITED STATES DISTRICT COURT 
8 SOUTHERN DISTRICT OF CALIFORNIA 
9 
10 UNITED STATES OF AMERICA, Case No. 17cr2226-MMA-2 
 Related Civil Case No. 19cv716-MMA 
11 Plaintiff, 

12 v. ORDER DENYING DEFENDANT’S 
 MOTION TO VACATE AND 
13 CHRISTINA LAMBERT (2), 
 CORRECT SENTENCE PURSUANT 
14 Defendant. TO 28 U.S.C. § 2255 

15 
 [Doc. No. 68] 
16 
17 
18 
19 On September 12, 2017, Defendant Christina Lambert pleaded guilty to a two-
20 count Information charging her with conspiracy to distribute methamphetamine (Count 1) 
21 and conspiracy to distribute heroin (Count 2), both in violation of Title 21, United States 
22 Code, sections 841(a)(1) and 846. See Doc. No. 35. Defendant was sentenced to a 
23 mandatory minimum custodial term of sixty months, concurrent on Counts 1 and 2, 
24 followed by five years of supervised release. See Doc. Nos. 67, 77. Defendant now 
25 moves to vacate her conviction and correct her sentence pursuant to Title 28, section 
26 2255, arguing that she received ineffective assistance of counsel. See Doc. No. 68. The 
27 government has filed a response in opposition to Defendant’s motion. See Doc. No. 81. 
28 For the reasons set forth below, the Court DENIES Defendant’s motion. 
1 
2 DISCUSSION 
3 Section 2255 provides a prisoner in federal custody under sentence of a federal 
4 court the right to move the court which imposed the sentence to vacate, set aside, or 
5 correct the sentence upon several grounds, including ineffective assistance of counsel. 
6 See Strickland v. Washington, 466 U.S. 668 (1984). Ineffective assistance of counsel 
7 requires a showing “that counsel’s assistance was not within the range of competence 
8 demanded of counsel in criminal cases.” Lambert v. Blodgett, 393 F.3d 943, 979-80 (9th 
9 Cir. 2004). Further, a prisoner moving for relief under Section 2255 on this ground must 
10 show “not only proof of deficient performance, but also resulting prejudice.” United 
11 States v. Fabian-Baltazar, 931 F.3d 1216, 1217 (9th Cir. 2019) (citing Strickland, 466 
12 U.S. at 687-88). Prejudice requires “demonstrating that ‘there is a reasonable probability 
13 that, but for counsel’s errors, the result of the proceeding would have been different.’” 
14 United States v. Hayat, 2019 WL 3423538 at *15 (July 30, 2019) (quoting Bonin v. 
15 Calderon, 59 F.3d 815, 838 (9th Cir. 1995)). 
16 Defendant first claims that her attorney was ineffective for failing to have two of 
17 her prior felonies reduced to misdemeanors, which she claims would have resulted in a 
18 lower sentence. See Doc. No. 68 at 20-21. Defendant relies upon California’s 
19 Proposition 47, which provides a person convicted of certain felonies that have been 
20 reclassified to misdemeanors opportunity to request resentencing in accordance with 
21 those reclassifications.1 Here, however, even if counsel’s alleged failure to seek 
22 
23                                                 
24 
 1 Proposition 47 is codified in California Penal Code section 1170.18, which provides in pertinent part: 
25 A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, 
 of a felony or felonies who would have been guilty of a misdemeanor under the act that added this 
26 section (“this act”) had this act been in effect at the time of the offense may petition for a recall of 
 sentence before the trial court that entered the judgment of conviction in his or her case to request 
27 resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or 
 Section 459.5, 473, 47a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or 
28 
1 reclassification of her prior offenses failed to meet the demanded level of competence, 
2 Defendant cannot prove resulting prejudice because the resulting sentence would not 
3 have been different than the one imposed. See Bonin, 59 F.3d at 838. 
4 As a threshold matter, this Court lacks the authority to reduce Defendant’s state 
5 court felony convictions to misdemeanors. Proposition 47 is codified in California Penal 
6 Code section 1170.18, which enables a prisoner to request resentencing “before the trial 
7 court that entered the judgment of conviction in his or her case.” Cal. Penal Code § 
8 1170.18(a). Consequently, any relief under the statute must be provided by the relevant 
9 state court of conviction. Id. And any such relief would not have benefited Defendant in 
10 these proceedings, for two reasons. 
11 First, Defendant had five prior felony drug-related convictions. See Doc. No. 41, 
12 at 9-13. Pursuant to the United States Sentencing Guidelines, this corresponds to ten 
13 criminal history points, placing Defendant in a criminal history category V. See id. at 15, 
14 28. However, only two of Defendant’s state court felonies are potentially eligible for 
15 reduction under Proposition 47. Doc. No. 41, at 11-12. Even with both of these felony 
16 convictions reduced to misdemeanors, Defendant would still have six criminal history 
17 points and fall under a criminal history category III.2 As such, Defendant would remain 
18 subject to the minimum mandatory term pursuant to the statute of conviction. See 21 
19 U.S.C. § 841(b)(1)(B). 
20 Second, in United States v. Salazar-Mojica, the Ninth Circuit held that a 
21 subsequent reduction of a state conviction from felony to misdemeanor status does not 
22 have “any impact on the Guidelines calculation” for purposes of sentencing. 634 F.3d 
23 1070, 1072-74 (9th Cir. 2011). Thus, even if Defendant’s state court felony convictions 
24 were eligible for reduction under Proposition 47, she would still be subject to mandatory 
25 
26                                                 
27 2 Convictions under section 11377 of the California Health and Safety Code are eligible for reduction 
 according to California Penal Code Section 1170.18. Defendant has two convictions under section 
28 
1 minimum sentencing requirements and ineligible for a sentence lower than the one 
2 imposed. See id. Ultimately, Defendant cannot show “a reasonable probability that, but 
3 for counsel’s errors, the result of the proceeding would have been different.” Hayat, 
4 2019 WL 3423538 at *15 (quoting Bonin, 59 F.3d at 838). 
5 Defendant also claims her counsel was ineffective for not securing a better plea 
6 deal. See Doc. No. 68, at 14. The ineffectiveness inquiry requires Defendant to show 
7 “that counsel’s assistance was not within the range of competence demanded of counsel 
8 in criminal cases.” Lambert, 393 F.3d at 979-80. According to Defendant, counsel 
9 advised her that accepting the plea deal would be beneficial, and that reclassifications 
10 under Proposition 47 do not matter to her case. See Doc. No. 68 at 20-21. As explained 
11 above, defense counsel provided Defendant with accurate legal advice: reclassifications 
12 of Defendant’s prior felonies to misdemeanors would not have impacted her sentence in 
13 this case. 
14 Moreover, a finding of prejudice still requires Defendant to show that “but for 
15 counsel’s errors, [s]he would either have gone to trial or received a better plea bargain.” 
16 United States v. Howard, 381 F.3d 873, 882 (9th Cir. 2004). Defendant does not claim 
17 that she would have insisted on going to trial but for counsel’s errors, only that she 
18 should have received a better plea bargain and a lower sentence. See Doc. No. 68 at 20-
19 22. However, Defendant received the lowest sentence possible in light of her criminal 
20 history, which could not have been reduced through retroactive application of Proposition 
21 47. See Salazar-Mojica, 634 F.3d at 1072. Defendant cannot show that she would have 
22 gotten a better plea bargain but for counsel’s alleged errors because she could not have 
23 received a sentence below the one imposed according to federal minimum mandatory 
24 sentencing requirements. Defendant fails to demonstrate the requisite prejudice. 
25 Defendant’s final argument is that her counsel failed to present all mitigating 
26 factors at sentencing, including her mental illness and difficult upbringing. See Doc. No. 
27 68 at 22. Defendant argues she would have received a lower sentence had the Court 
28 considered these factors. See id. The record belies Defendant’s claim. 
1 Defense counsel did present mitigating factors on Defendant’s behalf that the 
2 || Court considered in arriving at the sixty-month sentence imposed. See Doc. No. 51 at 2; 
3 No. 77 at 6-7. Defense counsel submitted a Sentencing Memorandum asking the 
4 || Court to take into consideration Defendant’s “tumultuous and chaotic childhood, 
5 adolescence and adulthood,” as well as her “emotional and mental health issues,” when 
6 ||sentencing. Doc. No. 51, at 2:2-4. During Defendant’s sentencing hearing, the Court 
7 explained that it arrived at the mandatory minimum sentence of sixty months “by 
8 || considering a significant downward departure or equivalent variance to recognize some 
9 || potentially mitigating and extenuating circumstances . . . including her . . . traumatic and 
10 disadvantaged upbringing [and] her compromised mental and emotional condition.” Doc. 
11 77 at 6-7. And even if Defendant’s attorney failed to adequately argue all mitigating 
12 || factors in accordance with the objective standard of reasonableness, Defendant must 
13 ||show “not only proof of deficient performance, but also resulting prejudice.” Fabian- 
14 || Baltazar, 931 F.3d at 1217 (citing Strickland, 466 U.S. at 687-88). As explained above, 
15 || Defendant cannot show prejudice, as she was statutorily ineligible to receive a lower 
16 || sentence than the one imposed. 
17 CONCLUSION 
18 Based on the foregoing, the Court DENIES Defendant’s motion. The Court 
19 || DIRECTS the Clerk of Court to enter judgment accordingly in the related civil case and 
20 || terminate that action. 
21 IT IS SO ORDERED. 
22 || DATE: November 5, 2019 a Lh hid ak Tu — [ hilt 
33 HON. MICHAEL M. ANELLO 
 United States District Judge 
24 
25 
26 
27 
28